## Commonwealth v. Law

*Paul P. Wisler*, for plaintiff.

*F. Kenneth Moore*, for defendant.

KNIGHT, P. J., March 9, 1945.—This is a suit by the Department of Revenue of the Commonwealth of Pennsylvania against defendant, to recover the cost of maintaining his incompetent son as a patient in the Norristown State Hospital.

The statement of claim avers that the son of defendant has been, and is, a patient in the Norristown

State Hospital, and that the Commonwealth has expended the sum of $825.70 for his maintenance and support in the institution.

The statement further avers that defendant has been, during the time his son was a patient in the hospital, and still is, financially able to pay for the son's maintenance and support in the State institution.

The first reason advanced by defendant for judgment in his favor on the pleadings is that there is not sufficient allegation in the statement of defendant's financial ability to pay for the maintenance of his son.

If there were any merit in this contention, the proper remedy would be a rule for a more specific statement of claim. But there is no merit in this first reason. The statement avers that defendant is employed, owns real estate in his own name, and has been, and is, financially able to maintain his incompetent son.

In our opinion this is sufficient. Plaintiff does not have to plead the evidence on which it bases the averment of financial ability.

The second reason avers that the action of assumpsit does not lie in a matter of this sort, until prior determination of defendant's ability to pay.

In the case of Commonwealth v. Bauman, 59 Montg. 191, this court held that under sections 3 and 4 of The Support Law of June 24, 1937, P. L. 2045, a named relative could not be compelled to give financial support to an indigent kinsman, or to make restitution to the Commonwealth for payments previously made, unless an order be first made in the court of quarter sessions. The present action, however, is brought under the Act of June 1, 1915, P. L. 661, as amended, which is somewhat different in its terms, and which applies only to the indigent insane.

The question now before us was thoroughly considered by Judge Henninger of Lehigh County, in the case of Commonwealth v. Groller, 41 D. & C. 366. In that case it was held that an action of assumpsit would lie,

under the Act of 1915, by the Commonwealth against a wife for the past support of her insane husband in a State institution. On the authority of that case, and the appellate court cases cited by Judge Henninger in his opinion, we hold that the second reason is without merit.

There is no merit in the third reason advanced by defendant for judgment in his favor, for the question raised in this reason is one of fact and not of law. Judgment on the pleadings should only be given in a clear case, and this is not such a case.

And now, March 9, 1945, the questions of law are decided against defendant, who is granted 15 days from this date, within which to file an affidavit of defense on the merits.